Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 30, 2013, which, to the extent appealed from, granted defendant’s motion to dismiss the cause of action alleging a violation of General Business Law § 349, unanimously affirmed, without costs.
The complaint fails to allege any of the elements of a General Business Law § 349 claim in connection with defendant’s implementation of its private mortgage loan modification program (see Lucker v Bayside Cemetery, 114 AD3d 162, 174 [1st Dept 2013]). It alleges that defendant told plaintiffs that to qualify for a loan modification they had to be delinquent in their mortgage payments, and instructed them, since they were not at that time delinquent, to make four mortgage payments at a reduced rate. In so advising plaintiffs, defendant was not engaging in the requisite “consumer-oriented conduct” (id.). The conduct was “specific to them” (see Silverman v Household Fin. Realty Corp. of N.Y., 979 F Supp 2d 313, 318 [ED NY 2013]); it had no “broader impact on consumers at large” (see Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]).
As to the element of a materially misleading act or practice, plaintiffs allege that defendant told them that to qualify for a loan modification they had to be delinquent, but they do not allege that this representation was false, nor did they submit documentary evidence refuting it. Plaintiffs also allege that defendant said it would block negative credit reporting, but they do not allege that defendant reported their delinquency during the private loan modification application period.
While the adverse consequences of a negative credit report *512 could constitute the requisite injury for a cause of action under General Business Law § 349, as indicated, plaintiffs do not allege that a negative credit report was issued.
The complaint also alleges that defendant violated General Business Law § 349 in connection with its processing of plaintiffs’ application for a permanent loan modification under the federal Home Affordable Modification Program (HAMP). Initially, we conclude, as the motion court found, that plaintiffs waived this claim by stating at the hearing on defendant’s motion that the cause of action was based on the alleged misrepresentations discussed above (see e.g. Ward v City of New York, 89 AD3d 532 [1st Dept 2011]). We note in any event that a cause of action under General Business Law § 349 alleging violations of HAMP rules and directives would constitute an impermissible “end run” around the absence of a private right of action under HAMP (see Legore v OneWest Bank, FSB, 898 F Supp 2d 912, 918 [D Md 2012]; Valtierra v Wells Fargo Bank, N.A., 2011 WL 590596, *4, 2011 US Dist LEXIS 18669, *13-14 [ED Cal, Feb. 8, 2011, No. Civ-F-10-0849 (AWI/GSA)]). Moreover, plaintiffs’ allegations that defendant engaged in misleading practices in connection with HAMP are conclusively refuted by the “Home Affordable Modification Trial Period Plan.”
Concur — Acosta, J.P, DeGrasse, Richter and Manzanet-Daniels, JJ.